UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS BARNETT and WILLIAM BARNETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>T.D. ESCROW SERVICES, INC., et al.,<br><br>    Defendants. | NO.  C05-799JLR<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on Defendant Ocwen Federal Bank FSB's ("Ocwen") motion to dismiss (Dkt. # 3).  Having considered all of the documents filed in support of and opposition to this motion, the court GRANTS Ocwen's motion.

## II.  BACKGROUND

In January 1989, Plaintiff Dennis Barnett purchased a residence in Marysville, Washington.  As part of the purchase, Barnett executed a promissory note for $69,000 and a deed of trust securing the loan.  Over the next decade, Barnett made payments and Ocwen began servicing the loan.  In fall 2001, Barnett fell behind on his payments and Ocwen declared default, threatening to foreclose unless Barnett paid $49,603.05 to reinstate the loan. Barnett borrowed $40,000 from his father and secured a written agreement from Ocwen that paying such an amount would reinstate the loan.

ORDER- 1

1   In early 2002, Ocwen transferred servicing rights on Barnett's loan to Defendant
2   Wilshire Credit Corporation ("Wilshire").  Although Barnett made his February 2002
3   payment to Ocwen and his March 2002 payment to Wilshire, Wilshire returned his March
4   check and claimed default.  On March 27, 2002, Defendant T.D. Escrow Services ("T.D.
5   Escrow") issued a Notice of Trustee's Sale alleging Barnett had missed 15 months of
6   payments.  Barnett successfully stopped the foreclosure proceedings, made two more
7   payments to Wilshire, and sent a letter requesting clarification of his account status in light of
8   his previous $40,000 payment to Ocwen.  Although it is unclear whether Wilshire provided
9   such clarification, Wilshire claimed Barnett defaulted again in January 2003 by allegedly
10  failing to make any payments during 2002.

11  Consequently, Barnett and his father[1] filed suit against Ocwen, Wilshire, T.D. Escrow,
12  and the lender, Defendant Homecomings Financial Network, Inc. ("Homecomings"), alleging
13  wrongful acts, usury, and violations of the Washington Consumer Protection Act ("WCPA"),
14  Real Estate Settlement Practice Act ("RESPA"), and Fair Debt Collection Practices Act
15  ("FDCPA").  Ocwen has filed the current motion to dismiss all of Plaintiffs' claims against it,
16  except the RESPA claim.

17  **III.   DISCUSSION**

18  **A.   Legal Standard**

19  When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court
20  construes the complaint in the light most favorable to the non-moving party.  Livid Holdings
21  Ltd. v. Salomon Smith Barney, Inc., 403 F.3d 1050, 1055 (9th Cir. 2005).  The court must
22  accept all well-pleaded facts as true and draw all reasonable inferences in favor of the
23  plaintiff.  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir.

---

[1] Barnett's father ultimately refinanced the loan and paid it off in February 2004.

ORDER- 2

1998).  Dismissal for failure to state a claim should not be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted).

**B.    Wrongful Conduct**

Plaintiffs allege that "there was no amount in default and that the foreclosure was wrongful," or alternatively, that any amount owed "was less than the amount or number of payments claimed." Compl. at ¶¶ 4.2-4.3.  As a result, Plaintiffs seek declaratory judgment in the form of an accounting of the amount owed under RCW §§61.24 and 7.24.  Ocwen argues that it should be dismissed because Plaintiffs fail to allege it committed any wrongdoing and admit that Wilshire (not Ocwen) started foreclosure proceedings against them and currently services the loan.  Although Plaintiffs contend that "no party has a right to dismissal" until the accounting is complete, they fail to cite any authority to this effect.  The one authority on which Plaintiffs rely is inapposite given that it addresses the duties of a trustee (which Plaintiffs admit is T.D. Escrow), and not a lender such as Ocwen. Tucker v. Brown, 150 P.2d 604, 620 (Wash. 1944).  Thus, the court dismisses without prejudice Plaintiffs' wrongful conduct claim against Ocwen based on Plaintiffs' failure to allege any wrongful conduct committed by Ocwen.  This ruling does not impact Plaintiffs' ability to pursue their wrongful conduct claim against the remaining Defendants.

**C.    Usury**

Plaintiffs allege that Ocwen and Wilshire charged them interest in excess of the lawful maximum rate and as a result, all of the Defendants are guilty of usurious conduct.  Although Plaintiffs fail to allege the exact rate charged by either Ocwen or Wilshire, it appears from

ORDER- 3

1  Plaintiffs' promissory note that Ocwen charged 11% per annum.[2]  Neil Decl. at 4.  The

2  highest rate of interest permissible in Washington is "the *higher* of (a) twelve percent per

3  annum; or (b) four percentage points above the equivalent coupon issue yield . . ."  RCW §

4  19.52.020(1) (emphasis added).  In other words, lenders may lawfully charge interest below

5  the rate of 12% per annum.  Consequently, the court dismisses with prejudice Plaintiffs'

6  usury claim against Ocwen because the interest rate it charged is lawful under the statute.

**D.    Washington Consumer Protection Act**

Although Plaintiffs allege generally that "Defendants' conduct" violates the WCPA, Plaintiffs fail to specify what conduct by Ocwen constitutes an unfair or deceptive act. Rather, Plaintiffs focus their WCPA claim on T.D. Escrow's alleged violation of the "statute regarding foreclosure procedures RCW 61.24 which is in turn a violation of RCW 19.86." Compl. at ¶ 6.3.  Having previously found that Plaintiffs fail to allege any wrongful conduct by Ocwen, the court dismisses without prejudice Plaintiffs' WCPA claim against Ocwen for failure to allege sufficient facts to establish an unfair or deceptive act.

**E.    Fair Debt Collection Practices Act**

Given Plaintiffs' agreement to dismiss their FDCPA claim without prejudice because their complaint "does not yet lead to FDCPA liability," the court dismisses Plaintiffs' claim without prejudice.

---

[2] The court's consideration of Plaintiffs' promissory note, a document extrinsic to the complaint, fails to convert Ocwen's motion to dismiss into a motion for summary judgment. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (allowing district court to consider documents extrinsic to the complaint on a motion to dismiss where the document's authenticity is uncontested and the plaintiff's complaint "necessarily relies" on it). Plaintiffs have not contested the authenticity of the promissory note and their complaint explicitly references it.  Moreover, Plaintiffs' usury claim necessarily relies on the promissory note as it established the amount of interest charged by Ocwen.

ORDER- 4

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Ocwen's motion to dismiss (Dkt. # 3) and DISMISSES without prejudice Plaintiffs' claims alleging wrongful conduct, WCPA and FDCPA violations, and DISMISSES with prejudice Plaintiffs' claim alleging usury.

Dated this 27th of June, 2005.

JAMES L. ROBART
United States District Judge

ORDER- 5