UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS BARNETT and WILLIAM BARNETT,<br><br>Plaintiffs,<br><br>v.<br><br>T.D. ESCROW SERVICES, INC., et al.,<br><br>Defendants. | NO. C05-799JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment by Defendant Wilshire Credit Corporation ("Wilshire"). (Dkt. # 30). Plaintiffs have not opposed Wilshire's motion, nor requested oral argument. Having considered the documents filed in support of this motion, the court GRANTS Defendant's motion.

## II. BACKGROUND

In January 1989, Plaintiff Dennis Barnett ("Barnett") purchased a residence in Marysville, Washington. As part of the purchase, Barnett executed a promissory note for $69,000 and a deed of trust securing the loan. Over the next decade, the deed of trust was reassigned multiple times, most recently to Defendant Homecomings Financial Network, Inc.

ORDER- 1

("Homecomings").  In fall 2001, Barnett fell behind in his loan payments to Defendant Ocwen, the loan servicing agent at that time.  Ocwen declared default, threatening to foreclose unless Barnett paid $49,603.05 to reinstate the loan.  Barnett borrowed $40,000 from his father and secured a written agreement from Ocwen that his $40,000 payment would reinstate the loan.

In early 2002, Ocwen transferred servicing rights on Barnett's loan to Wilshire.  On March 27, 2002, Defendant T.D. Escrow Services ("T.D. Escrow") issued a Notice of Trustee's Sale alleging Barnett had missed 15 months of payments.  Barnett successfully stopped the foreclosure proceedings and sent a letter to Wilshire, dated June 14, 2002, requesting clarification of his account status in light of his previous $40,000 payment to Ocwen.

In January 2003, Wilshire claimed that Barnett defaulted again by allegedly failing to make any payments during 2002.  Barnett's father, William Barnett, ultimately refinanced the loan and paid it off in February 2004.

Barnett and his father filed suit against Defendants Homecomings, Wilshire, Ocwen, and T.D. Escrow alleging wrongful acts, usury, and violations of the Washington Consumer Protection Act ("WCPA"), Real Estate Settlement Practice Act ("RESPA"), and Fair Debt Collection Practices Act.  Per stipulated motion, the court ordered the dismissal of Defendant Ocwen. (Dkt # 29).  Defendants Homecomings and Wilshire moved for a judgment on the pleadings as to all claims. (Dkt. #23).  The court granted Defendants' motion in part and denied the motion in part, leaving only Plaintiffs' RESPA claim against Wilshire.  (Dkt. # 27). The court also noted that Plaintiffs' WCPA claim remained as to T.D. Escrow.  Id.  Wilshire, as the only remaining Defendant in Plaintiffs' RESPA claim, filed this motion for summary judgment.  Plaintiffs have not opposed the motion.

ORDER- 2

### III. DISCUSSION

In examining Wilshire's motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

When a non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary judgment merely because motion is unopposed, even where local rules are to the contrary). The court must determine if the moving party's papers are sufficient to demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law. See id. at 950.

Plaintiffs allege that Wilshire violated RESPA by failing to honor "proper requests for information by Dennis Barnett about loan balances, and requests for acknowledgment of amounts paid." Compl. at ¶ 7.2. RESPA requires federally related mortgage loan servicers, such as Wilshire, to take certain actions when a borrower sends a "qualified written request." 12 U.S.C. § 2605(e)(1)(A). To qualify, a borrower's request must be (1) in writing, (2) state the borrower's name and account, and (3) state the reasons the borrower believes the account

ORDER- 3

1 is in error.  12 U.S.C. § 2605(e)(1)(B)  Failure to respond to a borrower within 60 days of
2 receiving a qualified written request exposes a loan servicer to potential liability for actual
3 damages and up to $1,000 in additional damages "in the case of a pattern or practice of
4 noncompliance."  12 U.S.C. § 2605(f)(1).

5      A comparison of Plaintiffs' complaint to Wilshire's motion reveals that Wilshire has
6 demonstrated an absence of genuine issues of material fact, and is therefore entitled to
7 judgment as a matter of law.  As determined previously by this court, only Barnett's letter of
8 June 14, 2002 constitutes a "qualified written request" which, by statute, requires a response
9 from Wilshire.  (Dkt. # 27).  Wilshire, in turn, has provided copies of letters mailed to
10 Barnett, which indeed answer his June 14th letter.  Devours Decl., Exh. 2, 3.  Specifically,
11 employee Sue Jones responded to Barnett on June 26, 2002, acknowledging receipt of his
12 request and indicating that Wilshire would investigate his concerns.  Also, on August 20,
13 2002, employee P. White sent a letter to Barnett which summarized Wilshire's conclusions
14 following their investigation into his account and included the phone number of Barnett's
15 account representative.  Devours. Decl., Exh. 2, 3.  The court is satisfied that Wilshire's
16 response to Barnett's qualified written request complies with the requirements of 12 U.S.C. §
17 2605(e), both in timeliness and content.

18 ## IV. CONCLUSION

19      For the reasons stated above, the court GRANTS Defendant Wilshire's motion for
20 summary judgment (Dkt. # 30).

21      Only Plaintiffs' WCPA claim against T.D. Escrow remains in this case.  The court
22 notes that the parties have not complied with this court's order requiring submission of a joint
23 status report and discovery plan, which was due on August 16, 2005 (Dkt. # 24).  Plaintiffs

24
25
26 ORDER- 4

1  and T.D. Escrow should submit the status report and discovery plan by October 7, 2005 to

2  avoid the court's dismissal of the remaining claim (Dkt. # 32).

3  Dated this 27th day of September, 2005.

/s/ James L. Robart

JAMES L. ROBART
United States District Judge

26  ORDER- 5